UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWAR HABR, ET AL.,**<br>Plaintiffs,<br>v.<br>**RXMAPPER, LLC, ET AL.,**<br>Defendants. | Case No.  4:23-cv-2061-YGR<br><br>**PRETRIAL ORDER NO. 1** |

In light of the upcoming trial and having considered the filings to date plus the Court's knowledge of the action given the pretrial proceedings, the Court enters the following orders so that the parties can prepare.  Other orders will be given at the pretrial conference:

1. **Trial Date and Schedule:**  The trial of this matter is confirmed to proceed in Courtroom 1 of the Ronald V. Dellums Federal Building and United States Courthouse in Oakland, California on Monday, March 3, 2025 including jury selection.  Counsel shall arrive in court early enough to proceed promptly at 8:00 a.m. with the Court to discuss issues outside the presence of the jury.

2. The parties shall each be afforded **eight (8) hours** to present their case, including opening statements and closing arguments.  The parties shall receive daily Excel timesheets advising of the time remaining.  Any concerns must be raised immediately or will be waived.

3. Trial schedule will be Monday through Thursday from 8:00 a.m. to 4:00 p.m. as follows:

   **8:30 a.m. – 10:00 a.m. (1.5 hours)**, then a **20-minute break**

   **10:20 a.m. – 11:50 a.m. (1.5 hours)**, then a **40-minute break**

   **12:30 p.m. – 2:00 p.m. (1.5 hours),** then a **20-minute break**

   **2:20 p.m. – 4:00 p.m. (1 hour, 40 minutes)** for a daily total of **6 hours and 10 min.**

The jury will be selected quickly, and the parties should be prepared to proceed with openings and the first witness on Monday, March 3, 2025.

4.     The Court will be dark, Friday, March 7, 2025.  Proceedings may continue, if needed, the following Monday and/or Tuesday (March 10–11).  However, the Court will also be picking a jury in a longer criminal trial.  The Court is dark Wednesday and Thursday (March 12–13).

5.     Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court.  Sidebars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene with the Court after the end of the trial day or after Court's standing calendars.

6.     At the pre-trial conference scheduled for February 19, 2025, the parties shall be prepared to address jury instructions, which must be close to finalized by the time trial begins.

7.     Prior to the next pretrial conference, the parties shall provide the Court with a proposed form of verdict that is general and does not contain all the elements of the various claims.  The Court will not provide the jury with the extended version.

8.     **Witnesses:**  The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference.  Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

9.     Parties shall confirm whether they have entered into stipulations regarding the calling of witnesses under the control of the other party or whether trial notices or trial subpoenas have been issued.

10.    **Exhibits and Exhibit Lists:**  The parties are limited to using the Exhibits submitted on the Exhibit List.  No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.  Given the limited trial time, it is in both parties' interest to stipulate to admissibility.

11.    Parties shall confirm at the pretrial conference whether they are proceeding with witness binders.  *See* Standing Order Re: Pretrial Instructions in Civil Cases ¶ 6(h)(iii).

12.    Given the limited amount of time, the Court will entertain requests to pre-admit

exhibits.  The parties shall bring hard copies or a thumbdrive with exhibits to the pretrial conference to discuss.  Parties are reminded that the jury may not be shown any exhibits until admitted into evidence *or* stipulated by the parties as to admissibility *or* the express permission of the Court.  *See* Standing Order Re: Pretrial Instructions in Civil Cases ¶ 6(f)(iii).

13.   **Bifurcation:**  The motion to bifurcate is denied.  (Dkt. No. 99.)  This is a short trial.  Bifurcation would waste judicial resources.  The issue raised should have been done so in a motion for summary judgment.  Given plaintiffs' failure to do so, they may not circumvent the issue now.

14.   **Equipment:**  Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Edwin Cuenco, at (510) 637-3540, as to appropriate time for doing so.  Counsel shall send the Court a proposed form of order if they would like to bring equipment into the courthouse.  The United States Marshal Service requires an order.

15.   Parties may use an <u>encrypted</u> digital wireless system that includes a receiver and transmitter with an XLR connector.

16.   The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

17.   **Jurors and Peremptory Challenges:**  The Court will seat a total of eight (8) jurors and no alternates.  The Court sets the number of peremptory challenges at three (3).  Motions under *Batson v. Kentucky*, 476 U.S. 79 (1986), for improper use of challenges must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.  Counsel will not be afforded *voir dire* but most of the requested questions have been added to the jury questionnaire as requested.

18.   **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  To the extent not already provided, counsel shall lodge with the Court on the first day of trial a copy of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.  Live testimony is not generally allowed by remote means in federal court.  The Court will discuss the requested stipulation with the parties.

19. **Stipulations at Docket No. 104** are granted except as to the testimony of the expert witnesses.

20. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. (510) 637-3534) prior to the commencement of the trial **by February 21, 2025.** *See* https://www.cand.uscourts.gov/about/clerks-office/transcripts-court-reporters.

21. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

This terminates Docket Nos. 99 and 104.

**IT IS SO ORDERED.**

Dated:  February 17, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4