UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWAR HABR, ET AL.,**<br>Plaintiffs,<br>v.<br>**RXMAPPER, LLC, ET AL.,**<br>Defendants. | Case No. 4:23-cv-2061-YGR<br><br>**PRETRIAL ORDER NO. 2 RE: PRETRIAL CONFERENCE** |

In light of the filings and the pretrial conference held on February 19, 2025, the Court enters the following additional pretrial orders:

1. **Trial Date and Schedule:** The trial of this matter is rescheduled to proceed in Courtroom 1 on August 18, 2025. Jury selection shall occur on August 15, 2025. Trial itself shall commence daily at 8:30 a.m. Counsel shall arrive in court early enough to proceed promptly at 8:00 a.m. with the Court to discuss issues outside the presence of the jury. Trial schedule will be Monday through Friday, from 8:30 a.m. to 1:40 p.m. with two twenty-minute breaks. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

2. The parties shall each be afforded ten (10) hours to present their case, including opening statements and closing arguments. The Court shall reserve 30 minutes for each side for closing arguments. The parties shall receive daily timesheets advising of the time remaining. Any concerns must be raised immediately or will be waived.

3. **Standard Motions *in Limine*:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of

1  settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence
2  presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to
3  the extent it exists.

4. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

5. **Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

6. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by the questioning lawyer *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts shall occur no later than **August 1, 2025.**

7. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

8. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. In the event necessary, for witnesses on a Monday, written notice shall be provided by the prior Saturday at noon. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Further, and as will be explained, *one's time allocation does not stop while waiting for witnesses to arrive in Court*. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and

the Court.

9. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief—e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

10. **Jurors and Peremptory Challenges:** The Court will seat a total of eight (8) jurors and no alternates. The Court sets the number of peremptory challenges at three (3). Motions under *Batson v. Kentucky*, 476 U.S. 79 (1986) for improper use of challenges must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel. The Court will conduct the *voir dire* but will allow each side fifteen minutes for follow-up.

11. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of *ex parte* communication prohibited by Model Rule 3.5(b)." Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror.

12. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

13. **Punitive Damages:** If the jury will be asked to consider punitive damages, the following additional orders apply:

    a. Any party against whom punitive damages are sought shall have all relevant financial data in Court in a sealed envelope once trial begins;

    b. Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant

documents, etc.) available on 15-minutes notice once jury deliberations begin; and

c. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

14. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** two weeks prior to the commencement of jury selection. *See* https://www.cand.uscourts.gov/about/clerks-office/transcripts-court-reporters.

15. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

16. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times—on or off the record and whether or not in the presence of a jury—in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

17. **Procedural Stipulations:** The parties shall review and file the procedural stipulations included herewith as Attachment A. To the extent any objections exist, the parties shall contact the Court immediately.

18. **Trial Exhibit Certification:** Upon conclusion of the trial, the parties shall review the exhibits and confirm the accuracy of those going into the jury room. The parties shall complete, deliver, and file the certification in the form included herewith at Attachment B.

19. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

20. **Additional Submissions:** As discussed at the pretrial conference, the parties are **ORDERED** to meet and confer, serve their responses on each other so the other party may reply, and submit a joint filing on the following topics by **April 18, 2025**:

    a.    The parties' authority as to whether plaintiffs can obtain benefit-of-the-bargain damages under their fraud claim or are limited to out of pocket (fair market value) damages (*see* Proposed Jury Instruction Nos. 42, 42.1-D);

    b.    The parties' authority as to whether and how there must be mitigation of damages for an intentional misrepresentation claim (*see* Proposed Jury Instruction No. 34);

    c.    The parties' authority as to whether defendants' conversion claim can cover intellectual property (*see* Proposed Jury Instruction No. 62);

    d.    Defendants' basis for their Lanham Act claim and whether they intend to proceed with the claim (*see* Proposed Jury Instruction Nos. 65–68)

21. Further, defendants shall submit a copy of all exhibits they contend form the operative contract by **February 21, 2025**; the parties shall submit a renewed chart of their exhibits by **May 30, 2025**; and plaintiffs shall have until **August 1, 2025**, to update their expert report.[1]

22. The Court will set one more pre-trial conference prior to trial and after the additional trial filings are made.

**IT IS SO ORDERED.**

Dated: February 21, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Additionally, defendants informed the court at the conference that they have elected to abandon their unjust enrichment and trespass to chattels counterclaims. Those claims were **DISMISSED**.