UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWAR HABR ET AL.,**<br>　　　　**Plaintiffs,**<br>　　v.<br>**RXMAPPER, LLC, ET AL.,**<br>　　　　**Defendants.**<br>**AND RELATED COUNTERCLAIMS** | Case No. 4:23-cv-2061-YGR<br><br>**PRETRIAL ORDER NO. 3 RE:**<br>**SCHEDULING AND JURY INSTRUCTIONS** |

　　　　In light of the Court's trial calendar in a criminal matter and the parties' additional submissions on April 18, 2025, which the Court required in its Pretrial Order No. 2, the Court enters the following additional pretrial orders:

- **Trial Schedule**

　　　　Due to the Court's obligations for a separate a criminal trial, the trial schedule in this action is revised as follows: Jury selection will proceed as originally scheduled on Friday, August 15, 2025 but the parties will be required to move directly to opening statements, and if sufficient time remains, the first witness. The trial schedule will revert to that originally provided:

> **8:30 a.m. – 10:00 a.m. (1.5 hours)**, then a **20-minute break**
> **10:20 a.m. – 11:50 a.m. (1.5 hours)**, then a **40-minute break**
> **12:30 p.m. – 2:00 p.m. (1.5 hours), then a 20-minute break**
> **2:20 p.m. – 4:00 p.m. (1 hour, 40 minutes) for a daily total of 6 hours and 10 min**

Alternatively, **if both parties agree,** the Court should be able to advance the trial date to August 11, 2025 with a trial day ending at 1:40 p.m. If the parties prefer that option, the parties should advise the Court jointly within three business days of this Order.

- **Jury Instructions**

　　1.　　**Benefit-of-the-Bargain versus Out-of-Pocket Damages.**

　　　　The Court finds that plaintiffs' fraud claim, if successful, will be limited to recovery for out-of-pocket damages. Based on the parties' briefing, the Court finds that Cal. Civ. Code § 3343(a)

applies to plaintiffs' claim regarding the promise of equity in RxMapper, LLC. Equity in a company, like RxMapper, is a form of property. *Hill v. Wrather*, 158 Cal. App. 2d 818, 825 (1958) ("Had there been actionable fraud in the sale of the stock, the measure of damages would have been that set forth in section 3343 of the Civil Code, the so-called 'out-of-pocket' loss rule.")

Section 3343 expressly cabins recovery in fraud cases to "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received." *See also Fragale v. Faulkner*, 110 Cal. App. 4th 229, 236 (2003) ("In fraud cases involving the 'purchase, sale or exchange of property,' the Legislature has expressly provided that the 'out-of-pocket' rather than the 'benefit-of-the-bargain' measure of damages should apply. . . Civil Code section 3343 provides the exclusive measure of damages for fraud in such cases.) In California, defrauded parties are limited to recovering out-of-pocket losses, while expectation damages, which plaintiffs seek, are traditionally reserved as a contractual remedy:

> The out-of-pocket measure "has been termed more consistent with the logic and purpose of the tort form of action (*i.e.*, compensation for loss sustained rather than satisfaction of contractual expectations)." *Stout v. Turney*, 22 Cal. 3d 718, 725 (1978) (citations omitted) (*en banc*). The benefit-of-the-bargain rule is viewed as closer to a contractual remedy, *i.e.*, "it tends to give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been in had the promisor performed the contract." *Pepitone v. Russo*, 64 Cal. App. 3d 685, 689, 134 Cal.Rptr. 709 (1976) (citations omitted).
>
> District courts applying California law in this circuit have determined benefit-of-the-bargain damages cannot be recovered on a fraud claim, with the possible exception of fraud by a fiduciary.

*Kelley v. Fundomate, Inc.*, 773 F.Supp.3d 899, 925–926 (C.D. Cal. 2025); *see also City Sols., Inc. v. Clear Channel Commc'ns, Inc.*, 242 F.Supp.2d 720, 726–32 (N.D. Cal. 2003), *aff'd in part, rev'd in part sub nom. City Sols., Inc. v. Clear Channel Commc'ns*, 365 F.3d 835 (9th Cir. 2004) (same).

Plaintiffs cite no authority to establish that they would be entitled to expectation damages (i.e. benefit-of-the-bargain damages). The authority that plaintiffs cite, *Cupps v. Mendelson*, is unpublished, involves concessions not made here, and does not otherwise persuade. 2010 WL 1366996 (Cal. Ct. App. Apr. 7, 2010). Moreover, even under Cal. Civ. Code § 3333, which plaintiffs favor, plaintiffs cannot recover benefit-of-the-bargain damages. *Michelson v. Camp*, 72

Cal.App.4th 955, 973 (1999) ("Thus, the [California] Supreme Court is clearly of the view that damages for fraud which induces the making of a real estate loan, whether sought under section 3343 or section 3333, will be limited to the plaintiff's out-of-pocket losses, plus any consequential damages, unless the defendant is a fiduciary."); *Auble v. Pacific Gas & Elec. Co.*, 55 F.Supp.2d 1019, 1022–23 (N.D.Cal.1999) ("In California, in the absence of a fiduciary relationship, recovery for the tort of fraud is limited to the actual, out-of-pocket damages suffered by the plaintiff.") (citations omitted); *All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1240 (1995) ("In California, a defrauded party is ordinarily limited to recovering his 'out-of-pocket' loss").

Plaintiffs cannot recover "benefit of the bargain" damages unless they show (1) a fiduciary relationship, and (2) that defendant made intentional misrepresentations. Because plaintiffs do not make that showing here as to a fiduciary duty, they cannot recover expectation damages.

The Court denies plaintiffs request for a jury instruction in this regard. Rather, proposed jury instruction 42.1-D on this issue will be given.

### 2. **Mitigation of Damages for Intentional Misrepresentation.**

The parties dispute whether defendants may raise an affirmative defense for mitigation of damages. The Court agrees with defendants that the affirmative defense raises a factual issue to be resolved by the jury. Plaintiffs' arguments are not based upon law, i.e. on the ground that they are not legally allowed, but on the application of the facts to the law. At trial, plaintiffs may raise the same arguments that it raises in the joint supplemental issue briefing. Proposed jury instruction 34 on this issue will be given.

### 3. **Conversion of Intellectual Property.**

Plaintiffs dispute whether intellectual property (here, RxMapper's source code) can be the subject of a conversion claim. The Court preliminarily agrees with defendants that a source code can be converted. Although not all intellectual property can be converted, the Court is satisfied at this juncture that sufficient evidence can be presented to a jury to support the claim. Courts in the Ninth Circuit apply a three-part test in this context: "First, there must be an interest capable of precise definition; second, it must be capable of exclusive possession or control; and third, the putative owner must have established a legitimate claim to exclusivity." *Kremen v. Cohen*, 337

F.3d 1024 (9th Cir. 2003) (concluding that a domain name can be the subject of a conversion claim); *see also, Eng. & Sons, Inc. v. Straw Hat Restaurants, Inc.*, 176 F. Supp. 3d 904, 921 (N.D. Cal. 2016) (applying *Kremen*). Should the evidence presented support each prong, defendants will be permitted to submit their conversion counterclaim to the jury. Proposed jury instructions numbers 62–64 on this issue are preliminarily allowed.

    4.    **Defendants' Basis for Lanham Act Claim.** [1]

At the February conference, the Court raised concerns about the defendants' ability to prove actual confusion and requested that defendants submit authority on that point. In the filing, the parties dispute the sufficiency of the evidence and provide no specific authority on the issue raised. Accordingly, the Court will defer until the charging conference whether sufficient evidence was presented at trial to warrant an instruction. In the event defendant has, the relevant instructions (Nos. 65–68) will be included preliminarily.

**IT IS SO ORDERED.**

Date: July 18, 2025

                                                    _____
                                                    YVONNE GONZALEZ ROGERS
                                                    UNITED STATES DISTRICT COURT JUDGE

---

[1] To the extent that plaintiff is considering filing a motion for summary judgment on this or the Lanham Act claim, leave is denied. The deadline for filing any such motion was November 22, 2024 and has long since passed.